UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDALIS ROLDAN,

                Plaintiff,

-v.-

FAMILY COURT OF THE CITY OF NEW YORK et al.,

                Defendants.

25 Civ. 4594 (JHR) (RFT)

ORDER ADOPTING REPORT AND RECOMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Brendalis Roldan, acting *pro se* and *in forma pauperis*, brought this action on May 29, 2025 against Defendants the Family Court of the City of New York, the Administration for Children's Services ("ACS"), the Honorable Judith Waskberg and Paul Ryneski, Attorney Deana Tietjen, Attorney Elizabeth Wilder, Attorney Bert Oberlander, Attorney Ethen Stewart, and Cesar Gonzalez (collectively, "Defendants"), as well as ten John Does. Plaintiff apparently alleges violations of the False Claims Act (the "FCA"), the Americans with Disabilities Act (the "ADA"), and the First Amendment in connection with a custody case involving Plaintiff's family (the "Custody Case") that is pending in the Family Court of the City of New York in Bronx County (the "Bronx County Family Court"). *See* ECF No. 1 (Compl.). On June 4, 2025, Plaintiff filed a notice of removal pursuant to 28 U.S.C. §§ 1441(c) and 1443(1), purporting to remove the Custody Case from the Bronx County Family Court to this Court. *See* ECF No. 8 (Not. of Removal). On June 18, 2025, Plaintiff filed an emergency motion for a temporary injunction, ECF No. 16, a motion to expedite ruling on emergency injunctive relief, ECF No. 17, and an emergency motion for immediate injunctive relief and expedited review, ECF No. 18 (collectively, the "Motion for a TRO").

Presently before this Court are Magistrate Judge Robyn F. Tarnofsky's Report and

Recommendation, ECF No. 28 (R&R), and Plaintiff's objections, ECF Nos. 25 and 30. The R&R recommends that the Motion for a TRO be "denied because Plaintiff cannot show a likelihood of success on the merits of the claims," R&R at 18, and that the Custody Case "be remanded to Bronx County Family Court," *id.* at 31. For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, denies the Motion for a TRO, ECF Nos. 16, 17, and 18, and remands the Custody Case to the Bronx Family Court.

## BACKGROUND[1]

Plaintiff seems to aver that Defendants retaliated against her by "barr[ing] [her] from electronically filing motions," Compl. at 3-4, and by "revok[ing]" "confirmed ADA accommodations," *id.* at 4, in connection with the Custody Case "following Plaintiff's whistleblower disclosures implicating officials and court officers in misconduct," *id.* at 1.

The Court referred this case to Judge Tarnofsky for general pretrial supervision and for reports and recommendations on dispositive motions. *See* ECF No. 13. Judge Tarnofsky issued a 41-page R&R on July 2, 2025, which recommended that the Court deny the Motion for a TRO and *sua sponte* remand the Custody Case to the Bronx County Family Court. R&R at 40.

In response to Judge Tarnofsky's R&R, Plaintiff filed a "Formal Objection to Magistrate Judge's Recommendation and Notice of Procedural Violations," ECF No. 25, and an "Omnibus Notice[] of Fraud Upon the Court and Formal Objection to Serial Magistrate Recommendations in Violation of Judicial Procedure," ECF Nos. 30, 33.[2] The Court construes these submissions as objections to the R&R. Therein, Plaintiff accuses Judge Tarnofsky of "due process breaches,"

---

[1] The Court assumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 3-8, and therefore does not fully recount them here.
[2] The document filed at ECF No. 30 is identical to that at ECF No. 33, except that the latter was stamped by the Pro Se Office and includes Plaintiff's handwritten signature, as well as a scan of the mailing envelope. *See* ECF No. 33 at 1, 3-4.

ECF No. 25 at 1; "bias and unequal treatment," *id.* at 2; applying the "improper standard," *id.*; "ignoring [an] active appeal," *id.* at 1; "imply[ing] that Plaintiff is not entitled to proceed *pro se*," *id*. at 2; and "repeated improper attempts . . . to dismiss this action," ECF No. 33 at 1-2.

## LEGAL STANDARDS

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  But "when a party makes only conclusory or general objections, or simply reiterates [her] original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (same); *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

When making objections, "[p]*ro se* parties are generally accorded leniency." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).  "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's

3

proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (internal citation omitted).

Here, the Court undertakes a "clear error" review of the R&R because Plaintiff's objections were either "conclusory . . . or merely reiterated prior arguments." *See Oparaji*, 2025 WL 1901297, at *2 (upholding district court's clear error review of an R&R because *pro se* plaintiff "did not properly object to the R&R"). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *2 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

## DISCUSSION

Plaintiff objects to "due process breaches" and "bias and unequal treatment" that allegedly took place during a conference before Judge Tarnofsky on June 27, 2025, before the R&R was issued. *See* ECF No. 25 at 1-2. Specifically, Plaintiff alleges that Judge Tarnofsky "allow[ed] the hearing to stray far beyond the scope of the noticed issue" and "permitted opposing parties to skip hearings without consequence." *Id*. These objections are overruled because they do not relate to "particular findings in the magistrate's proposal." *Pinkney*, 2008 WL 2008 WL 2811816, at *1.

Plaintiff's objection that Judge Tarnofsky applied the "improper standard" to the Motion for a TRO is unfounded. The R&R applies the correct legal standard, citing binding Second Circuit case law, *see* R&R at 8-9, which requires Plaintiff to show "(1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor." *See Yarborough v. Bragg*, No. 25 Civ. 00159 (DEH), 2025 WL 375115, at *1 (S.D.N.Y. Jan. 10, 2025) (citing *UBS Fin. Servs. Inc. v.*

4

*W.V. Univ. Hosps., Inc.*, 660 F.3d 643 (2d Cir. 2011)). In a careful, thirteen-page analysis, Judge Tarnofsky "address[ed] in turn [Plaintiff's] claims for retaliation under the FCA, disability discrimination under the ADA, and violations of her First Amendment rights to free speech and to petition the courts." R&R at 18-31. The Court finds no clear error in Judge Tarnofsky's conclusion that "Plaintiff has not demonstrated a likelihood of success on the merits" for any of these claims, "even assuming all [of] her well pleaded factual allegations are true." *Id.* at 18.

Plaintiff further objects that Judge Tarnofsky "erroneous[ly] dismiss[ed]" this case and "ignor[ed] [an] active appeal." ECF No. 25 at 1. But the R&R does not propose "dismissal" of the case, nor does it ignore Plaintiff's alleged appeal of her prior federal case. *See* R&R at 33-40 (granting leave to file an amended complaint) and 7 (addressing Plaintiff's arguments concerning her appeal). Indeed, during the conference with Plaintiff on June 27, 2025, Judge Tarnofsky "explained that [she] could not address the ruling on [Plaintiff's] prior federal case and that [Plaintiff's] recourse was to appeal" its dismissal. *Id.* at 6-7. Judge Tarnofsky also correctly observed that there is "[no] indication of an appeal on the docket" for the prior federal case. *Id.*; *see also, Roldan v. Waksberg*, No. 25 Civ. 3169 (S.D.N.Y. dismissed June 25, 2025).

To the extent that this objection challenges the recommendation to remand the Custody Case because "Plaintiff has not met her burden of demonstrating that this Court would have [subject matter] jurisdiction," the Court again finds no clear error. R&R at 31. The R&R considers whether removal is proper pursuant to 28 U.S.C. § 1443(1) and concludes that it is not because "this case does not involve claims of race discrimination or claims of discrimination arising out of state statutory or constitutional law." *Id.* at 32. "[T]he Supreme Court has held that [§ 1443] applies only to removals based on claims of racial discrimination." *Suffolk Cnty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d. Cir. 2020) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). None of Plaintiff's claims are based on race

5

discrimination. *See generally* Compl. The R&R also considers whether removal was proper pursuant to 28 U.S.C. § 1441, which authorizes removal of federal claims. R&R at 32. Such removal is improper because "Plaintiff's description of the Custody Case does not demonstrate that it was based on federal law" and "does not involve any federal claims." R&R at 32.[3]

Plaintiff's objection that Judge Tarnofsky "impl[ied] that Plaintiff is not entitled to proceed *pro se* in this matter," ECF No. 25 at 2, is not supported by the R&R. *See, e.g.*, R&R at 19 ("The Complaint states that Defendants violated the FCA's anti-retaliation provision . . . A FCA retaliation claim [] may be brought by a *pro se* plaintiff."). The R&R's reference to actions that "may not be brought by a *pro se* plaintiff," R&R at 4, is limited to *qui tam* actions, such as Plaintiff's prior federal case. *See Roldan v. Waksberg*, No. 25 Civ. 3169 (S.D.N.Y. dismissed June 25, 2025).

Finally, Plaintiff objects to "repeated improper attempts by magistrate judges to dismiss this action," considering that "Plaintiff has not consented to magistrate jurisdiction." ECF No. 33 at 1-2. As previously explained, the R&R does not recommend dismissal of this case. *See* R&R at 33-40 (granting leave to file an amended complaint). Nor has Judge Tarnofsky attempted to exercise jurisdiction. *See* R&R at 8 (explaining "[a] Magistrate Judge's authority to

---

[3] The R&R does not consider whether removal was proper in light of the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court finds no clear error in this omission, however, because 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). New York City agencies, such as ACS, "are New York citizens because they are agents of the City of New York, which is itself a municipal corporation and a New York citizen for purposes of diversity jurisdiction." *Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC*, No. 20 Civ. 5309 (JGK), 2022 WL 2657166, at *2 (S.D.N.Y. July 8, 2022). Accordingly, even if the Court could exercise jurisdiction based on diversity of the parties (which appears unlikely on the face of the Complaint), the Custody Case could not be removed on that basis due to the citizenship of at least one of the defendants.

issue reports and recommendations on dispositive motions" and citing Fed. R. Civ. P. 72(b)(1)-(3)).

In light of the foregoing, based on careful review of the motions, the R&R, and Plaintiff's objections, the Court finds the R&R to be "well-reasoned and grounded in fact and law." *See, e.g.*, *Kumar v. United States of America*, No. 22 Civ. 5533 (JGLC), 2025 WL 1194376, at *2 (S.D.N.Y. Apr. 22, 2025) (adopting R&R following review for "clear error" in light of finding that *pro se* plaintiff "ma[de] only conclusory or general objections").

## CONCLUSION

Accordingly, the R&R is adopted in its entirety. The Motion for a TRO is DENIED (ECF Nos. 16, 17, and 18). In addition, the Court REMANDS the Custody Case to the Bronx Family Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Tashman v. Kijakazi*, No. 21 Civ. 0801 (JMF), 2022 WL 3159318, at *2 (S.D.N.Y. Aug. 8, 2022) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

The Clerk of Court is directed to terminate ECF Nos. 16, 17, and 18. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff and to the Bronx County Family Court at the following address: Bronx County Family Court, 900 Sheridan Ave, Bronx NY 10451.

SO ORDERED.

Dated: August 15, 2025
New York, New York

JENNIFER H. REARDEN
United States District Judge