UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDALIS ROLDAN,<br><br>     Plaintiff,<br><br> -against-<br><br>FAMILY COURT OF THE CITY OF NEW YORK, et al.,<br><br>     Defendants. | 25-CV-4594 (JHR) (RFT)<br><br>**REPORT & RECOMMENDATION**<br>**OPINION & ORDER** |

**TO THE HONORABLE JENNIFER H. REARDEN, UNITED STATES DISTRICT JUDGE:**

**Background**

Plaintiff pro se Brendalis Roldan's Complaint in this case asked this Court to grant injunctive relief halting further proceedings in a custody case involving her family that is pending in the Bronx County Family Court (the "Custody Case") and allowing her to litigate the Custody Case in this Court, among other relief. (*See, e.g.,* ECF 1, Compl.) On July 2, 2025, I issued a report and recommendation to Your Honor that the requested injunctive relief should be denied and that the Custody case should be remanded to the New York City Family Court. (ECF 28.) Your Honor adopted the report and recommendations over Plaintiff's objections (ECF 54), and on August 15, 2025, the Custody Case was remanded out to the New York City Family Court.

Plaintiff also appealed from the order remanding the Custody Case to state court and denying injunctive relief, sought expedited appeal, and sought a stay of the remand of the Custody Case pending appeal. (ECF 65, 69.) Plaintiff sought a writ of mandamus from the Second Circuit seeking to compel this Court to rule on certain of her motions and sought

expedited consideration of her mandamus application and a stay or injunction pending review by the Second Circuit; the Second Circuit denied her motion to expedite and for a stay or injunction and her motion to expedite. (ECF 67.) The Second Circuit subsequently denied the mandamus application as moot because this Court had ruled on the motions. (ECF 108.)

On August 26, 3035, I issued an order denying four pending applications by Plaintiff (ECF 29, 31, 35, 39). (*See* ECF 62.) Plaintiff objected to those rulings on August 31, 2025. (ECF 70.) On September 2, 2025, I issued a report and recommendation that Your Honor should deny an additional pending motion by Plaintiff (ECF 63). (*See* ECF 66.)

In addition to filing multiple notices and documents that did not seek specific relief, Plaintiff made nine additional applications between August 27, 2025 and December 20, 2025, including an emergency habeas petition; eight of these motions remain outstanding. (ECF 64, 74, 78, 85, 86, 88, 102, 105.) The request for habeas relief was assigned a separate case number from this case (Case No. 25-CV-2116), and no judge has yet been assigned to preside over that action. (ECF 86, 88).

Pending before the Court are the following applications on which I make recommendations:[1]

---

[1]    Because the application for findings of fact and conclusions of law under Rule 52(2)(a) relates to a prior request for injunctive relief, which is considered dispositive in this Circuit, *Inverness Corp. v Whitehall Labs. & Am. Home Prods. Corp.*, 819 F.2d 48 (2d Cir 1987). I consider it to be a dispositive application out of an abundance of caution. Courts in this District have treated motions for indicative rulings under Rule 62.1 as dispositive. *See, e.g., Watson v. Artuz,* 2024 WL 4228624, at *1 (S.D.N.Y. Sept. 18, 2024) (adopting in principal part a report and recommendation on a Rule 62.1 motion). Applications for habeas relief are considered dispositive as well. *Grassia v Scully*, 892 F.2d 16 (2d Cir 1989). Magistrate judges may issue orders on non-dispositive applications but must issue reports and recommendations on

- A motion for an indicative ruling under Rule 62.1 (**ECF 74**) on Plaintiff's motion to amend

  (ECF 64), which I respectfully recommend that Your Honor should **DENY**, for the same

  reasons that I recommended denying her prior application for an indicative ruling (*see* ECF

  66);

- A motion to amend the operative complaint (**ECF 64**), which I respectfully recommend that

  Your Honor should **DENY,** because Plaintiff has failed to address any of the defects in her

  original complaint that I pointed out in my report and recommendation at ECF 28;[2]

- A motion for findings of fact and conclusions of law under Rule 52(a)(2) (**ECF 78**), which I

  respectfully recommend that Your Honor should **DENY**, because the order denying

  Plaintiff's applications for injunctive relief accepted the factual statements in the Complaint

  as true and described the requisite legal conclusions (*see* ECF 54);

- A motion to enforce removal and federal jurisdiction (**ECF 105**), which I respectfully

  recommend that Your Honor should **DENY**, for the reasons set forth in my report and

  recommendation at ECF 28 and Your Honor's order adopting that report and

  recommendation (ECF 54); and

- A habeas petition (**ECF 88**), a letter providing emergency notice to the Court that her minor

  child is missing and asking the Court to compel her child's father to produce him (**ECF 94**), a

---

dispositive applications. *Thomas E. Hoar, Inc. v Sara Lee Corp.*, 900 F.2d 522 (2d Cir 1990). Accordingly, I handle these three applications by report and recommendation.

[2]     While magistrate judges may issue orders granting motions to amend, they must issue a report and when denying such motions. *Cruz v Local 32BJ*, 762 F. Supp. 3d 286, 290 (S.D.N.Y 2025) (explaining that magistrate judges may issue orders granting motions to amend as nondispositive matters but must issue a report and recommendation when denying such motions due to their dispositive effect).

proposed order to show cause seeking habeas relief (**ECF 96**), and an emergency motion to compel a ruling on the habeas petition (**ECF 102**), all of which I respectfully recommend that Your Honor should **DENY**, for the reasons set forth below.

Also pending before the Court are the following non-dispositive applications:

- A motion for a change of venue (**ECF 81**), which is **DENIED** for the reasons set forth in the opinion and order by Magistrate Judge Steward D. Aaron in *Brendalis Roldan v. Bronx Pro Realty*, Case No. 25-CV-5943, ECF 22 (Order).

- A motion to compel a forensic audit of CMFS and ECF Court Records (**ECF 85**), which is **DENIED**, because it is directed to the Second Circuit Court of Appeals and not this Court;

- A motion to expand the records and for emergency review of continuing ADA violations, retaliation, and judicial misconduct (**ECF 86**), which is **DENIED**, because it is directed to the Second Circuit Court of Appeals and not this Court;

- A notice of irregularity and evidentiary discrepancies and formal demand for certified CMF audit logs (**ECF 93**), which is **DENIED**, because Plaintiff has failed to explain why such a log is relevant to the underlying issues in her claims for disability discrimination in New York state court;

- A demand for federal acknowledgement of government-caused harm, retaliation, and systemic obstruction and seeking written acknowledgment of receipt and direction from the Court involving next steps, among other relief (**ECF 97**), which is **GRANTED IN PART**, in that this report and recommendation and opinion and order acknowledges receipt of the filing, and **DENIED IN PART**, in that the Court cannot provide Plaintiff with legal advice on her next steps; and

- An application for pro bono counsel (**ECF 111**), which is **DENIED**: the Custody Case has been remanded to state court, and Plaintiff's proposed amendments to the complaint (ECF 64) are unlikely to survive a motion to dismiss;[3] even if her claims did appear likely to be potentially meritorious, Plaintiff asserts but has not shown that she cannot find counsel on her own, in that she does not document any efforts she made to obtain either private or pro bono counsel;[4] and Plaintiff's statement that the rights at stake in her case are important does not adequately explain why she needs counsel at this stage of the case, and her claims "are not so complex or unique that a person of Plaintiff's intelligence would be

---

[3]    Federal judges have "broad discretion" when deciding whether to try to obtain pro bono counsel for litigants who cannot afford to hire their own lawyer. *Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir. 1986); *see also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters." *Burgos*, 14 F.3d at 789. Courts should seek pro bono counsel judiciously to preserve the "precious commodity" of volunteer lawyers. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). "Because this Court does not have a panel of attorneys who can be compelled to take on civil cases pro bono . . . the appointment of counsel is a rare event." *Garcia-Garcia v. City of New York*, No. 2013 WL 150206 (CM), at *1 (S.D.N.Y. Jan. 11, 2013). The Second Circuit in *Hodge* ruled that, before seeking pro bono counsel for a pro se litigant in a civil case, a court must first determine "whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d at 61; *Cooper,* 877 F.2d at 172. "If the claim meets this threshold requirement," the Court should consider the litigant's ability to obtain counsel and her ability "to handle the case without assistance in [ ] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172.

[4]    *See Jackson v. Stewart*, No. 22-CV-7476 (KMK), 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (denying a request for pro bono counsel because the plaintiff had failed to show that he was unable to locate counsel); *Moritz v. Town of Goshen*, No. 15-CV-5424 (NSR) (LMS), 2015 WL 13877589, at *1 (S.D.N.Y. Dec. 22, 2015) (same); *Anderson v. Romano*, No. 08-CV-0559 (JSR) (KNF), 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (same); *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403 (CM) (JLC), at *2 (S.D.N.Y. Jan. 14, 2013) (holding that a plaintiff's search for counsel had not been exhaustive because the plaintiff said nothing about having contacted legal services clinics or non-profit organizations).

unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-0028 (CM), 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2023).

Plaintiff also filed a letter on the docket to the Court's ADA Coordinator and Clerk's Office (ECF 95), which I expect the Court's ADA Coordinator will address if and to the expect appropriate.

**Analysis of Habeas Petition**

New York State law recognizes habeas petitions as a vehicle for challenging child custody determinations in New York State supreme court or New York State family court. Section 70(a) of the New York Domestic Relations Law ("DRL") provides, in relevant part, that "either parent may apply to the supreme court for a writ of habeas corpus to have [a] minor child brought before such court" and that "on the return thereof, the . . . court may award . . . custody of such child." DRL § 70(a).[5] Section 651(b) of the New York provides, in relevant part, that, "[w]hen initiated in the family court, the family court has jurisdiction to determine, in accordance with . . . the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings for the determination of the custody . . . of minors." FCA § 651(b).

However, this Court has no authority to consider Petitioner's habeas petition seeking custody of her minor child. To begin with, the proper petitioner in a habeas application is the person in custody. *See Ogunwomoju v. United States*, 512 F.3d 69, 70 (2d Cir. 2008). Plaintiff contends that her minor son is in custody (ECF 88, Emergency Petition for Writ of Habeas

---

[5]    Unless otherwise indicated, this report and recommendation and opinion and order omits internal quotation marks, footnotes, citations, and alterations from quoted text.

Corpus ("Habeas Pet.") at 3-5, 23), and so any habeas petition to affect his status would have to be brought on his behalf. But a party may only bring suit on behalf of another if the party bringing suit has counsel; a pro se litigant may not sue in a representative capacity. *Tindall v Poultney High Sch. Dist.*, 414 F3d 281, 284 (2d Cir 2005).

Even if Plaintiff could under federal law bring a pro se habeas petition on behalf of her minor son, this Court would lack jurisdiction to hear the petition. Plaintiff does not specify the specific type of habeas relief she seeks. (*See* ECF 88, Habeas Pet. at 1 ("Petitioner seeks immediate relief under 28 U.S.C. §§ 2241, 2254, 1651, Article I habeas authority . . . ."); *see also* ECF 102, Mot. To Compel ¶ 15 ("Petitioner seeks a single determination: whether the challenged restraint of liberty is lawful or unlawful.").) The two possibilities are habeas relief under 28 U.S.C. § 2254(a), which requires a district court to entertain an application for a writ of habeas corpus on behalf "of a person in custody" pursuant to a state-court judgment in alleged violation of the Federal Constitution, 28 U.S.C. § 2254(d), and habeas relief under 28 U.S.C. § 2241(c), which authorizes federal courts to issue a writ of habeas corpus if an individual is "in custody in violation of the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The Supreme Court has held that Section 2254 does not give federal courts jurisdiction to adjudicate collateral challenges to state court orders that involuntarily terminate parental rights. *See Lehman v. Lycoming Cnty. Child.'s Servs. Agency*, 458 U.S. 502, 515-16 (1982). The Supreme Court acknowledged that "the scope of the writ of habeas corpus has been extended beyond that which the most liberal reading of the statute might require[,]" *id*. at 510, but the Court declined to expand the scope of the writ into family law:

> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody. Indeed, in two cases, the Court refused to allow the writ in such instances. *Matters v. Ryan*, 249 U.S. 375 (1919); *In re Burrus*, 136 U.S. 586 (1890). These decisions rest on the absence of a federal question, but the opinions suggest that federal habeas corpus is not available to challenge child custody. Moreover, federal courts consistently have shown special solicitude for state interests "in the field of family and family-property arrangements." *United States v. Yazell*, 382 U.S. 341, 352 (1966). Under these circumstances, extending the federal writ to challenges to state child-custody decisions – challenges based on alleged constitutional defects collateral to the actual custody decision – would be an unprecedented expansion of the jurisdiction of the lower federal courts.

458 U.S. at 511-12. Accordingly, to the extent that Plaintiff is suggesting that her parental rights have been terminated or otherwise seeks review of Bronx County Family Court orders affecting custody of her minor son, she may not seek habeas relief from this Court under Section 2254.

Nor may she seek habeas relief from this Court under Section 2241. Plaintiff's minor son, whose father has custody of him, is not in custody for purposes of Section 2241, making Plaintiff's son ineligible for habeas relief under that section. *See, e.g., Fowler v. Grey*, No. 24-CV-4306, 2025 WL 1363283, at *2 (E.D. Pa. Mar. 17, 2025) (recommending denial of a habeas petition under 28 U.S.C. § 2241 sought by a grandparent whose grandchild had been removed from her custody), *report and recommendation adopted,* 2025 WL 1361468 (E.D. Pa. May 8, 2025); *Plaunt v. Perry Co. Children and Youth Srvs*., No. 24-CV-0137, 2024 WL 2979710, at *1 (M.D. Pa. Feb. 22, 2024) (dismissing a habeas petition for lack of jurisdiction because "[s]ection 2241 d[id] not extend to challenges to the termination of parental rights, the loss of custody over one's children"); Douce v. N.J. Div. of Child Prot. & Permanency, Civ. 20-CV-2619, 2021 WL 825451, at *2 (D.N.J. Mar. 4, 2021) (dismissing habeas petition for lack of jurisdiction because a child in foster care is not in custody for purposes of habeas corpus); *Roundtree v. New Jersey,*

8

No. 17-CV-0581, 2017 WL 507597, at *3 (D.N.J. Feb. 7, 2017) (dismissing a habeas petition for lack of jurisdiction because termination of parental rights and taking children into state custody by placing them with foster parents do not constitute being in custody for purposes of a federal habeas petition). As recently explained by an Eastern District of Pennsylvania federal judge in *Fowler*: "Simply put, habeas corpus does not confer jurisdiction in this court to decide issues of child custody." 2025 WL 1363283, at *2.

### Conclusion

The Clerk of Court is respectfully requested to terminate **ECF 81, ECF 85, ECF 86, ECF 93, ECF 97, and ECF 111.**

Dated: February 13, 2026
         New York, New York

So Ordered and Respectfully Submitted,

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

9

72(b). Any requests for an extension of time for filing objections must be addressed to Judge

Rearden.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF

OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).