UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDALIS ROLDAN,<br><br>                                   Plaintiff,<br><br>                  -v.-<br><br>FAMILY COURT OF THE CITY OF NEW YORK et al.,<br><br>                                   Defendants. | 25 Civ. 04594 (JHR) (RFT)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

JENNIFER H. REARDEN, District Judge:

Plaintiff Brendalis Roldan, acting *pro se* and *in forma pauperis*, brought this action on May 29, 2025 against Defendants the Family Court of the City of New York, the Administration for Children's Services ("ACS"), the Honorable Judith Waskberg, the Honorable Paul Ryneski, Attorney Deana Tietjen, Attorney Elizabeth Wilder, Attorney Bert Oberlander, Attorney Ethen Stewart, and Cesar Gonzalez (collectively, "Defendants"), as well as ten John Does.  *See* ECF No. 1.

Before the Court is the Report and Recommendation of Magistrate Judge Robyn F. Tarnofsky dated February 13. 2026, recommending that the Court deny the following applications:

- motion to amend the complaint, ECF No. 64;

- motion for an indicative ruling, ECF No. 74;

- motion for findings of fact and conclusions of law, ECF No. 78;

- motion to enforce removal and federal jurisdiction, ECF No. 105;

- petition for habeas corpus, ECF No. 88; and

- emergency motion to compel a ruling on the habeas petition, ECF No. 102.

*See* ECF No. 112 (Rep.) at 3-4.

The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Tarnofsky's recommendation in its entirety. The Court further concludes that dismissal of Plaintiff's claims without prejudice under Federal Rule of Civil Procedure 41(b) is warranted, given that Plaintiff has not complied with Judge Tarnofsky's July 2, 2025 Order directing her to submit an amended complaint, *see* ECF No. 28.

## BACKGROUND[1]

Plaintiff appears to allege violations of the False Claims Act (the "FCA"), the Americans with Disabilities Act (the "ADA"), and the First Amendment in connection with a custody case involving Plaintiff's family (the "Custody Case") that is pending in the Family Court of the City of New York in Bronx County (the "Bronx County Family Court"). *See* ECF No. 1 (Compl.). On June 4, 2025, Plaintiff filed a notice of removal pursuant to 28 U.S.C. §§ 1441(c) and 1443(1), purporting to remove the Custody Case from the Bronx County Family Court to this Court. *See* ECF No. 8 (Not. of Removal). On June 18, 2025, Plaintiff filed an emergency motion for a temporary injunction, ECF No. 16, a motion to expedite ruling on emergency injunctive relief, ECF No. 17, and an emergency motion for immediate injunctive relief and expedited review, ECF No. 18 (collectively, the "Motion for a TRO"). Judge Tarnofsky issued a 41-page consolidated Report and Recommendation and Order to Amend on July 2, 2025, which recommended that the Court deny the Motion for a TRO and remand the Custody Case to the Bronx County Family Court. ECF No. 28 at 40. Following a "careful review of the motions, the [Report and Recommendation], and Plaintiff's objections," the Court "adopt[ed] the Report and

---

[1] Familiarity with the facts, which are set forth in detail in Judge Tarnofsky's prior Report and Recommendation, ECF No. 28, is assumed. *See* ECF No. 28 at 2-3.

Recommendation in its entirety," denied the Motion for a TRO, and remanded the Custody Case to the Bronx Family Court. *See* ECF No. 43 at 7.

On February 13, 2026, Judge Tarnofsky issued a ten-page Report and Recommendation recommending that the Court deny the above-referenced applications, *supra* at 1: ECF Nos. 64, 74, 78, 105; a petition for habeas corpus, ECF No. 88; and an emergency motion to compel a ruling on the habeas petition, ECF No. 102. *See* Rep. at 3-4. The Report and Recommendation alerted the parties that they had "fourteen days (including weekends and holidays) from service of [the] Report and Recommendation to file written objections." *Id*. at 9. The Report and Recommendation also cautioned that "FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW." *Id*. at 10 (emphasis in original). The Report and Recommendation was served on Plaintiff by mail on February 17, 2026. Accordingly, any objections to the Report and Recommendation were due by March 3, 2026. Plaintiff did not file any objections by that date or at any time thereafter, nor has she requested an extension of the time to object.

## DISCUSSION

### A. The Report and Recommendation is adopted.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363

3

(ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *2 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that "FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW," Rep. at 10 (emphasis in original), Plaintiff did not file any objections to the Report and Recommendation.  Thus, Plaintiff has waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

**B.  The case is dismissed pursuant to Federal Rule 41(b).**

In her July 2, 2025 Report and Recommendation, ECF No. 28, Judge Tarnofsky considered each of Plaintiff's claims and "conclude[d] that the [c]omplaint as pleaded would require *sua sponte* dismissal."  *See* ECF No. 28 at 18-31.  But because "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *id.* at 32-33 (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)), Judge Tarnofsky, pursuant to

4

Rule 72(a), granted Plaintiff leave to amend her complaint. *Id.* at 39.  Judge Tarnofsky instructed Plaintiff to "include all the information in the amended complaint that Plaintiff wants the Court to consider . . . includ[ing]: (a) the names and titles of all relevant people; (b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred; (c) a description of the injuries Plaintiff suffered; and (d) the relief Plaintiff seeks."  ECF No. 28 at 39-40.  Judge Tarnofsky directed Plaintiff to "submit the amended complaint . . . within 30 days" and cautioned that, "[i]f Plaintiff fails to comply with this order to amend within the time allowed, and she cannot show good cause to excuse such failure, I expect to recommend that Judge Rearden should dismiss this action." *Id.*  This Court overruled Plaintiff's objections to the July 2, 2025 Report and Recommendation, ECF Nos. 25, 30, and 33, and adopted the Report and Recommendation in its entirety on August 15, 2025, *see* ECF No. 54.

On August 14, 2025, observing that, "[t]o date, Plaintiff ha[d] not filed an amended complaint in this action," Judge Tarnofsky *sua sponte* extended the deadline for Plaintiff to file the amended complaint to September 12, 2025.  *See* ECF No. 49.  Despite that extension and the passage of several additional months, Plaintiff has not filed an amended complaint.

"A petitioner has a general obligation to prosecute his case diligently." *Bettis v. All Known and Unknown Agents*, No. 24 Civ. 2854 (JHR) (SN), 2024 WL 5381461, at *1 (S.D.N.Y. Sept. 27, 2024) (Netburn, Mag. J.) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)), *report and recommendation adopted*, 2025 WL 252450, at *2 (S.D.N.Y. Jan. 20, 2025).  "A court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the [plaintiff] fails to meet this obligation." *Id.* "Although Rule 41(b) provides that 'a defendant may move to dismiss the action or any claim against it' when a [plaintiff] fails to prosecute the case or to comply with a court order, the court

need not wait for a defendant to file such a motion." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, "the court is not required to provide notice of the dismissal." *Bettis*, 2024 WL 5381461, at *1.  Rather, "such dismissal is largely a matter of the judge's discretion." *See West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

In deciding whether to dismiss an action for failure to prosecute, the Court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive." *Id*. (citing *Nita v. Connecticut Dep't of Envtl. Prot*., 16 F.3d 482, 485 (2d Cir. 1994)).  "While a district court is not required to address each of these factors in its written decision by a list of 'robotic incantations,' the court at a minimum must provide a reason for the dismissal."[2] *Bettis*, 2024 WL 5381461, at *2 (quoting *Baptiste*, 768 F.3d at 217); *see also Grace v. New York*, 10 Civ. 3853 (LTS) (GWG), 2010 WL 3489574, at *2 (Sept. 7, 2010) (Gorenstein, Mag. J.), *report and recommendation adopted*, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010) ("While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, *see Martens v.*

---

[2] "[A]n analysis [of the *Baptiste* factors] may not be necessary for dismissal that is without prejudice." *Bettis,* 2024 WL 5381461, at *2 n.1; *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (noting that dismissal without prejudice under Rule 41(b) is a "lesser sanction" than dismissal with prejudice)).  This Court nonetheless applies the *Baptiste* factors to ensure that Plaintiff's complaint is afforded every chance to succeed on the merits.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (commenting that *pro se* parties "should be granted special leniency regarding procedural matters.").

*Thomann,* 273 F.3d 159, 180 (2d Cir.2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal.").

For the following reasons, the Court concludes that the *Baptiste* factors "strongly counsel in favor of dismissal." *Santana v. Doe*, 2023 WL 1490547, at *2 (S.D.N.Y. Feb. 3, 2023).

*Notice.* Judge Tarnofsky provided Plaintiff with notice that "the Complaint as pleaded would require *sua sponte* dismissal" and, further that, "if Plaintiff fails to comply with this order to amend within the time allowed. . . I expect to recommend that Judge Rearden should dismiss this action." ECF No. 28 at 31, 40. The fact that Plaintiff "has still not responded even after [her] deadline to do so was extended" favors dismissal. *Bettis*, 2024 WL 5381461, at *2 (recommending dismissal where Plaintiff failed to file amended complaint); *George v. City of New York,* No. 12 Civ. 6365 (PKC) (JLC), 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013) (single order warning of forthcoming recommendation for dismissal for failure to prosecute suffices as "meaningful, non-technical notice").

*Duration of Noncompliance and Prejudice to Defendants.* Given that several months have now passed since Plaintiff's extended deadline expired on September 12, 2025, *see* ECF No. 49, her delay "is in itself prejudicial to defendants." *Rudder v. Jimenez*, No. 11 Civ. 3453 (VSB) (JLC), 2014 WL 1349047, at *3 (S.D.N.Y. Apr. 7, 2014) (Cave, Mag. J.) (recommending dismissal for failure to prosecute due to plaintiff's delay of "just under six months"), *report and recommendation adopted*, 2014 WL 2855012, at *1 (S.D.N.Y. June 23, 2014); *see also*, *e.g., Virola v. Entire GRVC Dep't of Mental Health Hygeine Servs.,* No. 12 Civ. 1005 (ER), 2014 WL 793082, at *5 (S.D.N.Y. Feb. 21, 2014) ("prejudice to [d]efendant can be fairly presumed where, as here, there is a delay of more than six months").

*Docket Management.* "The Court has a strong interest in managing its docket and cannot indefinitely wait for [Plaintiff] to make the appropriate filings." *Santana*, 2023 WL 1490547, at

\*2.  In the past eight months, Plaintiff has filed more than thirty notices and documents on the docket, including several emergency motions.  *See, e.g.,* ECF No. 86 (seeking "emergency review of continuing ADA violations, retaliation, and judicial misconduct"), ECF No. 88 ("Emergency Petition for Habeas Corpus"), ECF No. 102 ("Emergency Petition to Compel Ruling"), ECF No. 110 ("Urgent Notice to the Court and Clerk").  "The exhaustion of Court resources caused by the need to respond to Plaintiff's numerous [] submissions . . . also justif[ies] dismissal of this case."  *White v. Miller*, No. 2019 Civ. 668 (KMK), 2020 WL 85507, at \*3 (S.D.N.Y. Jan. 6, 2020) (dismissing *pro se* action for failure to comply with court orders).  Moreover, although Judge Tarnofsky "offered Plaintiff the opportunity to have oral argument before [her] and directed [Plaintiff] to submit a letter if she wished . . . to schedule a time," *see* ECF No. 43, Plaintiff "did not do so."  ECF No. 62.   "[C]ourts in this district have held that calendar congestion outweighed plaintiffs' opportunity to be heard when the plaintiff has rebuffed opportunities to be heard."  *Rudder*, 2014 WL 1349047 at \*5.

   *Lesser Sanctions.*  "[A]ll litigants, including *pro se* litigants, have an obligation to comply with court orders."  *Virola*, 2014 WL 793082, at \*3.  "When they flout that obligation they, like all litigants, must suffer the consequences of their actions."  *Id.*  Moreover, in weighing the availability of alternative punitive measures, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record."  *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).  In any event, "a dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions."  *White*, 2020 WL 85507, at \*3; *see also Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").  "Because the Court finds that lesser sanctions than dismissal with prejudice are potentially viable, and due to [her] *pro se* status, Plaintiff's

8

claims will be dismissed *without* prejudice." *Virola*, 2014 WL 793082, at *3; *see also Lyell Theatre Corp.*, 682 F.2d at 43 (when imposed, the sanction of dismissal under Rule 41(b) "operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it").

## CONCLUSION

Accordingly, the Court adopts the February 13, 2026 Report and Recommendation in its entirety and, on the grounds set forth therein, denies the following applications:

- motion to amend the complaint, ECF No. 64;

- motion for an indicative ruling, ECF No. 74;

- motion for findings of fact and conclusions of law, ECF No. 78;

- motion to enforce removal and federal jurisdiction, ECF No. 105;

- petition for habeas corpus, ECF No. 88; and

- emergency motion to compel a ruling on the habeas petition, ECF No. 102.

Further, for the reasons provided above, the case is dismissed without prejudice pursuant to Federal Rule 41(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Tashman v. Kijakazi*, No. 21 Civ. 0801 (JMF), 2022 WL 3159318, at *2 (S.D.N.Y. Aug. 8, 2022) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 12, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge